## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

ANDREW T. SEMMELMAN; JAMES
DIMON; CHASE BANK USA, N.A.;
JP MORGAN CHASE & CO.,

              **Plaintiffs,**

v.                          **MEMORANDUM AND ORDER**
                                    **Civil File No. 05-644 (MJD/AJB)**

RICHARD LEE MELLOR and
SECRETARY OF STATE MARY
KIFFMEYER,
              **Defendants.**

---

Eric J. Rucker and Valerie T. Herring, Briggs & Morgan, PA, Counsel for Plaintiffs.

Richard Lee Mellor - pro se.

Amy V. Kvalseth and Mike Hatch, Office of the Minnesota Attorney General, Counsel for Secretary of State Mary Kiffmeyer.

---

## I.    INTRODUCTION

      This is a declaratory judgment action in which Plaintiffs claim that

Defendant Mellor improperly filed UCC financing statements stating that Plaintiffs

owe him money. The case is currently before the Court on Plaintiffs' Motion for

Summary Judgement (Doc. No. 13), Plaintiffs' Motion for Sanctions Under Rule

11 (Doc. No. 15), Plaintiffs' Motion to Strike Defendant Mellor's Amended Answer

and Counterclaim (Doc. No. 24), and Defendant Mellor's Motion to Dismiss for

Cause (Doc. No. 30). Plaintiffs seek an order (1) declaring that Mellor's filings were improper and are therefore void; (2) requiring the Minnesota Secretary of State to remove and expunge Mellor's fraudulent filings; (3) assessing statutory sanctions against Mellor; (4) permanently enjoining Mellor from filing financing statements against Plaintiffs without the Court's approval; (5) ordering Mellor to pay Plaintiffs' costs and fees associated with this lawsuit; and (6) striking Mellor's amended answer and counterclaims. Defendant Mellor seeks dismissal of this case. Oral argument was heard November 22, 2005. Defendant Mellor did not appear at oral argument. Defendant Kiffmeyer was not a party to this case at the time the Court heard oral argument, and therefore also did not appear at oral argument.

## II.    FACTUAL BACKGROUND

Defendant Richard Lee Mellor had credit cards with Chase Bank USA, N.A. and with Bank One, one of Chase's predecessor banks. The Chase account is currently in default for more than $30,000. The Bank One account is in default for more than $6700. Plaintiff Semmelman is Senior Vice President and Associate General Counsel for Chase Bank USA, N.A. Plaintiff Dimon is President and CEO of JP Morgan Chase & Co., as successor to Bank One.

In August 2004, Mellor began sending a series of documents to Plaintiffs alleging that Plaintiffs owed him millions of dollars. On November 4, 2004, Mellor filed a UCC Financing Statement with the Minnesota Secretary of State ("the

Secretary").[1] To this filing, Mellor attached the same documents he had been

sending to Plaintiffs. UCC Financing Statement No. 200413875650 lists Plaintiff

Semmelman as a debtor to Mellor in the amount of $5 million. (Herring Aff. Ex.

A.) This filing also implicates Plaintiff Chase. (Id.) On November 22, 2004, Mellor

filed another UCC Financing Statement with the Secretary listing Plaintiff Dimon

as a debtor. UCC Financing Statement No. 200414081112 states that Dimon owes

Mellor $21.5 million. (Herring Aff. Ex. B.) On that same day, Mellor filed an

almost incomprehensible Amended UCC Financing Statement No. 20041407846

against Semmelman. (Herring Aff. Ex. C.) For convenience, all Mellor's filings will

be collectively referred to as "the filings."

On December 16, 2004, Plaintiffs' counsel sent a demand letter to Mellor

requesting that Mellor file a Termination Statement with the Secretary regarding

the filings against Semmelman and Chase, and requesting that Mellor refrain from

making any future filings against Plaintiffs. (Herring Aff. Ex. D.) Mellor responded

by filing UCC Financing Statement No. 200515226262 against Semmelman in

which he states that Semmelman owes Mellor $5.4 million. (Herring Aff. Ex. E.)

Plaintiffs filed this lawsuit on March 29, 2005. On April 7, 2005, Mellor filed

with the Court a document labeled "Verified Affidavit in Truth," which was

---

[1]There is no explanation as to why Mellor chose Minnesota. Mellor is a resident of Iowa, and none of the Plaintiffs are residents of Minnesota.

docketed as Mellor's Answer to the Complaint. (Doc. No. 3.) This document is confusing, but does address each paragraph in the Complaint. It also states that if unrebutted, the Verified Affidavit of Truth will stand as the final judgment in this matter. The Court assumes that Mellor considers this document his Answer since he later filed an Amended Answer.

On April 20, 2005, Mellor filed a document labeled "Notice of Contract and Notice of Default and Notice of Summary Judgment" in which Mellor states that since Plaintiffs' attorney Eric Rucker, Clerk of Court Richard Sletten, and Chief Judge Rosenbaum did not respond to his Verified Affidavit of Truth, they now have a binding contact with Mellor and therefore Mellor is entitled to summary judgment in this case. (Doc. No. 4.)

On June 8, 2005, Mellor filed a document labeled "Notice of Contract Regarding Oath of Office" in which Mellor states that the "contracts" with Rucker, Sletten, and Judge Rosenbaum are binding, and that Rucker, Sletten, and Judge Rosenbaum agree that Mellor "operate[s] within the common law jurisdiction and [is] not under statutory jurisdiction." (Doc. No. 6.) Mellor also gave Rucker, Sletten, and Judge Rosenbaum three days to deny their oaths or to remain "in contract" with him. (Id.)

In September, Mellor sent a document to this Court and Plaintiffs' attorney Valerie Herring giving them three days to accept or deny his contract and stating

4

that he claims his right to common law jurisdiction, and "refuses" statutory

jurisdiction. Since neither the Court nor Herring responded, Mellor sent another

document stating that the Court and Herring had accepted his offer to form a

contract and that they agree that Mellor "operate[s] within the common law

jurisdiction and [is] not under statutory jurisdiction." Neither of these documents

was filed with the Clerk's office.

On October 13, 2005, Mellor filed an Amended Answer and Counterclaim in

which he denies that he ever had a contract with Plaintiffs and denies that he

owes the Corporate Plaintiffs more than $36,700. (Doc. No. 23.) Mellor asserts

that Plaintiffs committed fraud by filing false documents with the goal of

depriving Mellor of his money and property. (Id. at 2.) According to Mellor, these

actions "warrant[] damages be paid to . . .  Mellor in the sum of not less than . . .

$36,700.00 or the standard damages of fraud." (Id.)

Mellor has not responded to Plaintiffs' motions. However, on November 3,

2005, Mellor filed a document titled "Affidavit of Statement of Facts" in which he

states that since no one has responded to his previous filings, fraud must be

assumed. (Doc. No. 29.) On November 7, Mellor filed a Motion to Dismiss for

Cause. (Doc. No. 30.)

**III.    DISCUSSION**

**A.    Plaintiffs' Motion to Strike Defendant Mellor's Amended Answer and Counterclaim**

5

> [I]f [a] pleading is one to which no responsive pleading is permitted
> . . . the party may so amend it at any time within 20 days after it is
> served. Otherwise a party may amend the party's pleading only by
> leave of court or by written consent of the adverse party; and leave
> shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). Rule 12(f) provides, in pertinent part, that upon motion of a

party filed within twenty days after the service of a pleading, a court may strike

from the pleading "any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The deadline to amend pleadings in this case was August 8, 2005. (Doc. No.

10.) Mellor filed his "Amended Answer and Counterclaim" on October 13, 2005.

(Doc. No. 23.) Mellor's counterclaim asserts that Plaintiffs committed fraud by

asserting that Mellor owes Chase Bank $36,700, and seeks damages in the amount

of "$36,700 or the standard damages for fraud." (Id. at 2.)

The Court finds that Mellor's pleading is untimely. Scheduling orders are

important case management devices for the Court and should not be "cavalierly

disregarded . . . without peril." Luigino's, Inc. v. Pezrow Cos., 178 F.R.D. 523, 525

(D. Minn. 1998) (quotation omitted). Moreover, the pleading is immaterial,

impertinent, and scandalous, and must be stricken because Mellor has no basis for

claiming that Plaintiffs owe him money. Lastly, Mellor's "amended answer" is

unresponsive, at best. Therefore, Plaintiffs' motion is granted.

**B.      Plaintiffs' Motion for Summary Judgment**

**1.      Summary Judgment Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Id. at 323.  Summary judgment must be granted when the opposing party fails to make a showing that supports the existence of an element essential to the case and on which the opposing party bears the burden of proof at trial. Id. at 332-33.

**2.      Whether The Filings Violate Minnesota Law**

Minn. Stat. § 336.9-509 outlines the requirements for filing a UCC Financing Statement with the Secretary and provides, in pertinent part, the following:

(a) A person may file an initial financing statement . . . only if:

> (1) the debtor authorizes the filing in an authenticated record . . . or

> (2) the person holds an agricultural lien that has become effective at the time of filing and the financing statement covers only collateral in which the person holds an agricultural

lien.

Minn. Stat. § 336.5-509(a). A UCC Financing Statement must be filed in the state

in which the debtor resides or where the secured property is located. Minn. Stat.

§§ 336.9-301, 336.9-307, 336.9-501. In addition, a UCC Financing Statement must

include a proper description of the collateral at issue. Minn. Stat. § 336.9-108.

Plaintiffs argue that the filings do not meet any of these requirements. First,

Semmelman and Dimon have never been debtors to Mellor. (Semmelman Aff. ¶ 3;

Dimon Decl. ¶ 3.) Second, neither Semmelman nor Dimon authorized the filing of

any UCC Financing Statements or signed any valid security agreements with

Mellor. (Semmelman Aff. ¶ 4; Dimon Decl. ¶ 4.) Third, the filings were not filed in

the correct state since neither Semmelman nor Dimon reside in, or are citizens of,

Minnesota. Thus, according to Plaintiffs, the filings are ineffective and void.

Plaintiffs are correct. Mellor's filings are baseless, frivolous, and violate

Minnesota law. This part of Plaintiffs' motion is granted.

### 3. <u>Whether The Court Should Order Correction of the Public Record</u>

The Secretary may not refuse to accept a record for filing for any reason

other than those provided for by statute. Minn. Stat. § 336.9-520(a). Under Minn.

Stat. § 336.9-518(c), a wronged party can file a correction statement with the

Secretary, but the filing of such a statement does not correct the public record.

Therefore, this is not a satisfactory remedy to the problem of misuse of public

records, and resort to the courts is often the most effective course of action. <u>See</u> <u>id.</u> cmt. 3. In Minnesota, the public record can be corrected based on a court order to do so. <u>See</u> <u>Walther v. Lundberg</u>, 654 N.W.2d 694, 698 (Minn. Ct. App. 2002) (stating that a court could order the registrar of titles to correct a certificate of title).

<u>United States v. Greenstreet</u>, 912 F. Supp. 224 (N.D. Tex. 1996), a case cited by Plaintiffs, is instructive. In <u>Greenstreet</u>, disgruntled citizens filed fraudulent UCC financing statements against three Department of Agriculture employees "as a form of retribution, retaliation or harassment" for previous land foreclosures. <u>Id.</u> at 225. The court found that the filings were fraudulent because there was no evidence that the employees owed payment or other performance to the defendants. <u>Id.</u> at 227. The court ordered (1) that the financing statements be declared void; (2) that the financing statements be removed and expunged from the public record; (3) that the defendants be permanently enjoined from similar filings against the plaintiffs without court approval; and (4) that the defendants pay the plaintiffs' costs. <u>Id.</u> at 230.

Plaintiffs argue that since the Secretary had to accept the filings, the only way to obtain a remedy is via a court order. Plaintiffs aver that without an order expunging the filings, they are potentially subject to negative consequences to

their financial records and reputations. For example, Plaintiffs aver that the

existence of the filings may:

> (1)   delay or preclude the sale of encumbered personal property;
> (2)   create difficulty in obtaining title insurance;
> (3)   create difficulty in obtaining approval for loans;
> (4)   create credit rating problems;
> (5)   impair their ability to guarantee loans or credit extended to
>        third parties;
> (6)   cause payment of higher interest rates; [or]
> (7)   reduce the retail value of allegedly encumbered assets.

(Pl. Mem. Supp. Mot. Summ. J. at 8.) Thus, Plaintiffs seek the same relief granted

to the plaintiffs in Greenstreet.

   At oral argument, the Court noted that Greenstreet can be distinguished

from the instant case in one important respect. In Greenstreet, the county clerks

charged with making corrections to the official record were named defendants.

See Greenstreet, 912 F. Supp. at 224. See also Walther, 654 N.W.2d at 694

(county registrar was named defendant). Here, the Secretary was not originally a

party to this action, and the Court did not have jurisdiction to order the Secretary

to expunge the UCC filings at issue in this case. The Court ordered Plaintiffs to

amend their pleadings to make the Secretary a party. The Plaintiffs have now

done so, and the Secretary has filed an answer in this case. In her answer, the

Secretary states that she "has the capacity to expunge filings when given the filing

document number and will comply with any order of the court requiring

expungement of filings identified by filing number." (Doc. No. 40 ¶ 13.)

10

Accordingly, the Court now has jurisdiction to grant Plaintiffs the relief they seek. Since the filings at issue in this case are fraudulent, the Secretary must expunge the filings. At oral argument, Plaintiffs stated that during the time between filing their motion for summary judgment and oral argument, Mellor filed an additional fraudulent filing with the Secretary. Plaintiffs submitted a revised proposed order that included this new filing. The Court has incorporated this part of Plaintiffs' proposed order in its final order in this case.

      **4.**      **Whether Mellor Should be Permanently Enjoined From Filing Future UCC Statements Against Plaintiffs Without Permission of the Court**

In order to obtain a permanent injunction, a moving party must first demonstrate to the court actual success on the merits. <u>Vonage Holdings Corp. v. Minnesota Pub. Util. Comm'n</u>, 290 F. Supp. 2d 993, 996 (D. Minn. 2003) (citing <u>Amoco Prod. Co. v. Vill. of Gambell</u>, 480 U.S. 531, 546 n.12 (1987)). Once a party has succeeded on the merits, something Plaintiffs have done in this case, the Court then considers the following factors: "[1] the threat of irreparable harm to the moving party; [2] the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and [3] the public interest in the issuance of the injunction." <u>Id.</u> (citing <u>Dataphase Sys., Inc. v. C L Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981)). None of these factors is determinative by itself,

and the party seeking injunctive relief bears the burden of proving all the factors. Id. (citations omitted).

Plaintiffs argue that they will suffer irreparable harm if Mellor is not enjoined from continuing to file fraudulent documents with the Secretary. According to Plaintiffs, Mellor has already demonstrated that he will ignore Plaintiffs' requests to cease, so a judicial remedy is necessary. Plaintiffs further assert that there will be no harm to Mellor if the injunction is granted because all the injunction will accomplish is to prevent Mellor from filing fraudulent and baseless documents. Lastly, Plaintiffs aver that there is a keen public interest in maintaining accurate public records and in preventing people from abusing public filing systems without consequences. Thus, Plaintiffs urge the Court to permanently enjoin Mellor from filing financing statements against Plaintiffs without prior Court approval.

The Court finds these arguments reasonable. Mellor is permanently enjoined from filing these baseless and harassing documents with the Secretary. Thus, this part of Plaintiffs' motion is also granted.

In her answer, the Secretary stated that she "did not have the administrative resources to monitor future filings by named individuals." (Doc. No. 40 ¶ 13.) The Court is not requiring the Secretary to engage in such monitoring. This part of the Order is addressed to Mellor. If Plaintiffs inform the

Court that Mellor files any more fraudulent filings with the Secretary, Mellor will be in violation of a court order, and the Court will need to fashion an appropriate sanction at that time.

### 5.   **Statutory Damages**

Victims of unauthorized UCC filings "may recover $500 in each case" from the filer. Minn. Stat. § 336.9-625(e). Plaintiffs argue that since Mellor was not entitled to make the filings, he is responsible for statutory damages – $500 for each of five fraudulent filings. Plaintiffs are entitled to these sanctions. Thus, this part of Plaintiffs' motion is granted.[2]

### C.   **Plaintiffs' Motion for Rule 11 Sanctions**

Plaintiffs argue that the Court should also impose Rule 11 sanctions against Mellor. Rule 11 provides, in pertinent part, the following:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[2]Although Plaintiffs have identified a fifth fraudulent filing, they still only request $2000 in their amended proposed order. The Court assumes this is a typographical error, and awards Plaintiffs $2500 in sanctions.

13

(2) the claims, defenses, and other legal contentions therein are warranted by existing law . . . [and]

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

.   .   .

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

.   .   .

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule . . . may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Civ. P. 11(b),(c) (emphasis in original). The purpose of Rule 11 sanctions is not to reward injured parties but to "deter baseless filings and curb abuses." Business Guides, Inc. v. Chromatic Comm., 498 U.S. 533, 553 (1991).

Plaintiffs assert that Mellor's failure to file a correction, failure to stop filing statements when asked to, and abuse of the federal court system by filing "improper and harassing filings with this Court" – some of which purport to subject Chief Judge Rosenbaum and Clerk of Court Sletten to contracts and judgments in Mellor's favor – entitles Plaintiffs to attorneys' fees and costs. According to Plaintiffs, Mellor's actions are particularly egregious given the fact

14

that prior to their filing this lawsuit, Plaintiffs provided him with the opportunity to correct the public record and cease his actions. Thus, Plaintiffs seek Rule 11 sanctions in the form of their costs and fees associated with this litigation.

The Court finds that Mellor's court filings are not warranted by existing law. Neither Plaintiffs, Plaintiffs' attorney, this Court, Chief Judge Rosenbaum, nor Court Administrator Sletten ever entered into a contract with Mellor, and none of these people owe Mellor money. The statements and allegations in Mellor's filings are baseless and have no evidentiary support, and the Court can conceive of no proper purpose that would justify such filings.

Plaintiffs gave Mellor the opportunity to avoid litigation. However, Mellor ignored Plaintiffs' requests to cease filing fraudulent documents and to correct the public record. Mellor's intransigence forced Plaintiffs' hands – recourse to the courts was the only way to correct the public record. Mellor filed unsupported and scandalous documents with the Court, and sanctions are appropriate. Since Mellor is the cause of this litigation, it is right that he pay the costs of the litigation as a sanction. Accordingly, Plaintiffs' Motion is granted.

**D.**   **Mellor's Motion to Dismiss for Cause**

Mellor argues that Plaintiffs do not have standing to bring this case. Mellor also argues that since Plaintiffs have not rebutted Mellor's affidavit, there is no

15

genuine issue of material fact, and Mellor is entitled to judgment as a matter of law. (Doc. No. 30 at 2.) This motion is without merit, and is therefore denied.

Based upon all the files, records, and proceedings herein **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Summary Judgement [Doc. No. 13] is **GRANTED**;

    a.    Richard Lee Mellor is permanently enjoined from filing fraudulent UCC Financing Statements or any other fraudulent documents concerning:  (a) Semmelman; (b) Dimon; (c) JP Morgan Chase (including predecessor by merger, Bank One Corporation); (d) Chase (including its predecessor by merger, Bank One, Delaware, N.A.); and/or (e) their employees or agents with the Minnesota Secretary of State, absent relief from this Court;

    b.    The Minnesota Secretary of  State shall remove and expunge UCC Financing Statements, filing numbers 200413875650, 20041407846, 200414081112, 200515226262, and 200515226212, and all of the related documents and filings from the public record;

    c.       Under Minn. Stat. 336.9-625(e), statutory damages in the amount of $2500 are assessed against Richard Lee Mellor;

    d.       Richard Lee Mellor must pay Plaintiffs $2500 in statutory damages within ninety (90) days of the date of this Order; and

    e.       The sanctions shall be remitted to Plaintiffs' attorneys.

2. Plaintiffs' Motion for Sanctions [Doc. No. 15] is **GRANTED**;

    a.       Plaintiffs must file with the Court affidavits documenting their reasonable legal fees and costs associated with this litigation within thirty (30) days of the date of this Order; and

    b.       At the time that Plaintiffs file their affidavits, Plaintiffs must submit to this Chambers' email box a proposed order awarding Plaintiffs legal fees and costs.

3. Plaintiffs' Motion to Strike Defendant's Amended Answer and Counterclaim [Doc. No. 24] is **GRANTED**; and

4. Defendant Mellor's Motion to Dismiss for Cause [Doc. No. 30] is **DENIED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 13, 2006

                                   s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court